IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FRANK VAN DEN BOSCH,

                                                    ORDER

             Plaintiff,

                                                    09-cv-62-bbc

     v.

RICK RAEMISCH, DAN WESTFIELD,
MIKE THURMER, DON SIROTTA,
SGT. DULKE, WILLIAM POLLARD,
KEVIN POSTL, RICHARD SCHNEITER,
GARY BOUGHTON, SGT. HUIBREGTSE
and PETER ERIKSEN,[1]

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Frank Van den Bosch alleges in his pro se complaint that he is the former

publisher of a newsletter called The New Abolitionist, which he distributed to prisoners in

Wisconsin.  In this case brought under 42 U.S.C. § 1983, he contends that various prison

officials violated his right to free speech by refusing to deliver the March 2007 edition of the

newsletter to 36 prisoners.  He has moved for judgment on the pleadings under Fed. R. Civ.

---

     [1] In his complaint, plaintiff identifies this defendant as "Peter Erickerson."  I have
amended the caption to reflect the correct spelling as identified by defendants.

1

P. 12(c), relying on <u>Johnson v. Raemisch</u>, 557 F. Supp. 2d 964 (W.D. Wis. 2008), in which I concluded that Rick Raemisch, Dan Westfield and Mike Thurmer violated Lorenzo Johnson's First Amendment rights by refusing to deliver to him the March 2007 edition of <u>The New Abolitionist</u>. Defendants have moved to disregard materials outside the pleadings that plaintiff filed with his reply brief.

I agree with defendants that plaintiff's motion is premature. Plaintiff seems to believe that he may prevail on his case simply by citing <u>Johnson</u>, but it is not so simple. To begin with, as defendants observe, plaintiff must prove basic facts regarding his standing to sue that defendants did not admit in their answer, namely, that plaintiff mailed 36 newsletters to Wisconsin prisons that were rejected by prison officials. Plaintiff attempts to correct this problem by filing an affidavit with his reply brief, but this is not something he can do in the context of a motion for judgment on the pleadings, Fed. R. Civ. P. 12(d), so I will grant defendants' motion to disregard that affidavit and its attachments. I cannot convert plaintiff's motion to one for summary judgment as he requests because he has not followed this court's summary judgment procedures, which require parties to submit proposed findings of fact.

Even if I could consider plaintiff's affidavit, I could not rule in his favor. Plaintiff develops no argument in support of his view that defendants violated his constitutional rights; instead, he relies on the doctrine of issue preclusion, under which parties are

prevented from relitigating issues decided in previous cases. <u>King v. Burlington Northern</u> <u>& Santa Fe Ry. Co.</u>, 538 F.3d 814, 818 (7th Cir. 2008). The problem is that issue preclusion does not apply "automatically," particularly when it is being used offensively against a defendant, as in this case. Courts are required to consider a number of factors before applying issue preclusion in this context, such as whether the plaintiff could have joined the first suit, the defendants had a full incentive to litigate the first suit, changes in the law have occurred or it would be unfair for any other reason to apply the doctrine. <u>Parklane Hosiery Co., Inc. v. Shore</u>, 439 U.S. 322, 331-32 (1979). Plaintiff does not discuss any of these factors in his motion.

Further, only three of the defendants in this case were parties to <u>Johnson</u>. Issue preclusion may not be used against a nonparty unless he is in privity with a party. <u>Shore</u>, 439 U.S. at 327 n.7 ("It is a violation of due process for a judgment to be binding on a litigant who was not a party or a privy and therefore has never had an opportunity to be heard.") This means that plaintiff must show that the interests of the nonparties are "closely related" to the parties. <u>Tartt v. Northwest Community Hospital</u>, 453 F.3d 817, 822 (7th Cir. 2006). Plaintiff makes no attempt to meet that standard in his motion.

Even if I concluded that issues litigated in <u>Johnson</u> could not be relitigated in this case, this would not mean that defendants are barred from raising other issues. First, some of the defendants may argue that they were not personally involved in the decision to censor

3

the newsletter.  Even if all of the defendants in this case are in privity with Raemisch, Westfield and Thurmer, this does not mean that they may be held liable for something they did not do.  Burks v. Raemisch, 555 F.3d 592, 593-94 (7th Cir. 2009) ("Liability depends on each defendant's knowledge and actions.").  Second, the holding in Johnson was that the defendants did not have a valid reason for withholding the newsletter from one particular prisoner; defendants may have had different reasons for refusing to deliver the newspaper to other prisoners.

Finally, the defendants in Johnson did not raise the affirmative defense of qualified immunity, which defendants in this case have asserted in their answer.  Plaintiff argues that defendants did not plead it properly because they include only a "bare legal conclusion" that they are entitled to qualified immunity.  Although plaintiff is correct that the notice requirement of Fed. R. Civ. P. 8 applies to affirmative defenses, Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989), this requirement means little in the context of a qualified immunity defense, which raises a *legal* question whether the defendants had fair warning that their actions were unconstitutional.  Hope v. Pelzer, 536 U.S. 730, 739 (2002); Alexander v. City of Milwaukee, 474 F.3d 437, 443 (7th Cir. 2007).  Thus, a defendant needs to do no more than raise the issue and then the burden shifts to the plaintiff to show that the law was clearly established.  Wheeler v. Lawson, 539 F.3d 629, 639 (7th Cir. 2008) ("Although qualified immunity is an affirmative defense, once

the defense is raised, it becomes the plaintiff's burden to defeat it.") (citations omitted).

All of these issues will have to be resolved in the context of a motion for summary judgment.  Plaintiff's motion for judgment on the pleadings will be denied.


ORDER

IT IS ORDERED that

1.  Plaintiff Frank Van den Bosch's unopposed motion to accept his untimely reply brief, dkt. #14, is GRANTED.

2.  Defendants' motion to disregard the materials plaintiff filed with his reply brief, dkt. #17, is GRANTED.

3.  Plaintiff's motion for judgment on the pleadings, dkt. #10, is DENIED.

Entered this 25th day of June, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge